UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| MOFFETT REALTY, INC. | CIVIL ACTION NO. 08-1589 |
| VERSUS | JUDGE MELANÇON |
| MARYLAND CASUALTY COMPANY, ET AL | MAGISTRATE JUDGE HILL |

**MEMORANDUM ORDER**

Before the Court are plaintiff's Motion to Remand and for Attorneys Fees [Rec. Doc. 7], defendant's Memorandum in Opposition thereto [Rec. Doc. 11], and plaintiff's Reply to defendant's Opposition [Rec. Doc. 19]. It is uncontested that defendant removed this case after the expiration of the one-year time period provided in Title 28, Section 1446(b).[1] Nonetheless, citing *Tedford v. Warner-Lambert Co.*, 327 F.3d 423 (5th Cir. 2003), defendant argues that it is entitled to equitable relief from this deadline as plaintiff joined Gravity Drainage District No. 4 of Calcasieu Parish, Louisiana ("Gravity"), a non-diverse defendant, solely to defeat the diversity jurisdiction of this Court. Defendant argues that, within thirty days from the date Gravity was dismissed pursuant to an exception of prescription, defendant filed its Notice of Removal, and, as such, its removal was timely.

This case, however, is distinguishable from *Tedford* as in *Tedford* the plaintiff actively sought to conceal its voluntary dismissal of the non-diverse defendant. Here, however, the non-diverse defendant, whether properly or improperly joined, was involuntarily dismissed by the state court more than one year after the commencement of suit. Further, unlike the defendant in *Tedford*, here the defendant

---

[1] In pertinent part, 28 U.S.C. §1446(b) states, ". . . that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action."

did not "vigilantly" seek to have its case tried in federal court. *Id.* at 428. Despite the fact that the claims against Gravity were prescribed on their face, defendant did not seek removal to this Court arguing, as it could have, fraudulent joinder.[2] As such, the Court is not convinced that the equitable remedy described in *Tedford* is applicable in this case. Thus, as the Notice of Removal was filed more than one year after the commencement of suit, it is

**ORDERED** that plaintiff's Motion to Remand [Rec. Doc. 7] is **GRANTED** and the this matter is **REMANDED** to the Fourteenth Judicial District Court in and for the Parish of Calcasieu, State of Louisiana.

**IT IS FURTHER ORDERED** that the Clerk of this Court mail a certified copy of this Order of Remand to the Clerk of Court for the Fourteenth Judicial District Court in and for the Parish of Calcasieu, State of Louisiana.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Attorneys' Fees is **DENIED**.

**THUS DONE AND SIGNED** this 27th day of March, 2009 at Lafayette, Louisiana.

_____
Tucker L. Melançon
United States District Judge

---

[2] While the Court is of the opinion that the doctrine of fraudulent joinder has been overused by the defense bar, upon review of the plaintiff's complaint the Court is compelled to note that the claims against Gravity were obviously prescribed and, thus, this case is a quintessential example of the utility of the doctrine.